# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

OSCAR A.,

          Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,

          Defendant.

No. 5:25-cv-01066-AYP

MEMORANDUM OPINION AND

ORDER

Plaintiff Oscar A.[1] seeks review of the Commissioner's denial of his application for disability insurance benefits under Title II of the Social Security Act. (Dkt. No. 1.)  The parties consented to proceed before the magistrate judge and thereafter filed briefs addressing the disputed issues. (Dkt. Nos.  6, 7, 13, 21, 22.)  The Court took the matter under submission without oral argument. For the reasons discussed below, the Court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings consistent with this Order.

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## I.    BACKGROUND

In July 2014, Plaintiff applied for disability insurance benefits, alleging disability beginning in September 2007. (Administrative Record ("AR") 229-30.) After the application was denied initially and on reconsideration, an administrative law judge ("ALJ") held a hearing in August 2017, at which Plaintiff and a vocational expert ("VE") testified. (AR 68-71, 103-14, 116-27.) In September 2017, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. (AR 1-9, 13-32.) Plaintiff thereafter filed an action in this Court, which reversed and remanded for further administrative proceedings. (AR 1303-17.)

On remand, a different ALJ held a second hearing in April 2021 and issued an unfavorable decision in May 2021. (AR 1169-91, 1193-1234.) That decision became final when the Appeals Council did not assume jurisdiction. (AR 1855.) Plaintiff again sought judicial review, and in October 2022, the Court reversed and remanded for further administrative proceedings. (AR 1848-72.)

The same ALJ conducted a third hearing in December 2023, at which Plaintiff and a VE testified, and issued a third unfavorable decision in February 2024. (AR 1741-65, 1798-1843.) The Appeals Council denied Plaintiff's request for review. Plaintiff then filed the present action.

## II.    SUMMARY OF THE ALJ DECISION

The ALJ found that Plaintiff met the insured status requirements through March 2013. (AR 1747.) The ALJ thereafter applied the five-step sequential evaluation process applicable to disability determinations.[2] At step

---

[2] The ALJ determines disability using a five-step sequential evaluation process, which examines whether (1) the claimant engaged in substantial gainful activity, (2) the claimant has a severe impairment, (3) the impairment meets or equals a listed impairment, (4) the claimant is able to do past (cont'd . . .)

one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 2007.  (AR 1747.)  At step two, the ALJ found that Plaintiff had the following "severe" impairments: degenerative disc disease of the cervical and lumbar spine, left elbow arthritis, bilateral carpal tunnel syndrome status post-release, and depressive disorder.  (AR 1748.)  At step three, the ALJ found that Plaintiff's impairments did not meet or equal any listed impairment.  (AR 1748.)

The ALJ assessed Plaintiff with the residual functional capacity ("RFC") to perform light work with the following limitations:  he could occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; could not perform power gripping bilaterally; could not reach above shoulder level; and was limited to simple, routine tasks.  (AR 1750.)  At step four, the ALJ found that Plaintiff could not perform his past relevant work as a driver, sales route.  (AR 1755.)  At step five, relying on the VE's testimony, the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including collator operator, router, and routing clerk.  (AR 1755-56.)  As a result, the ALJ concluded that Plaintiff was not disabled during the relevant period, from his alleged onset date in September 2007, through his date last insured in March 2013.  (AR 1757.)

III.    STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995).  "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to

---

relevant work, and (5) the claimant is able to do any other work.  20 C.F.R. § 404.1520(a)(4).

support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). In determining whether substantial evidence supports the ALJ's findings, the Court must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. *Ahearn v. Saul*, 988 F.3d 1111, 1115-16 (9th Cir. 2021). When the evidence can rationally be interpreted in more than one way, the Court must uphold the Commissioner's decision. *Id.*; *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

## IV. DISCUSSION

Plaintiff contends that the ALJ erred in evaluating the opinion of examining psychologist Dr. Leticia Amick. (Dkt. No. 13 at 19-27.) As discussed below, the Court agrees.

Dr. Amick examined Plaintiff in January 2010 in connection with Plaintiff's workers' compensation claim and performed a comprehensive psychiatric evaluation. (AR 322-73.) Dr. Amick observed, among other things, rapid and pressured speech, agitated affect, exaggerated feeling tone, angry demeanor, poor judgment and abstract reasoning, impaired impulse control, and delayed recall. (AR 327-28.) She diagnosed Plaintiff with major depressive disorder, single episode, moderate; panic disorder without agoraphobia; sexual dysfunction NOS; and pain disorder associated with both psychological factors and a general medical condition. (AR 341-42.) Dr. Amick opined that Plaintiff's symptoms have "moderately interfered with most, but not all major life and personal functions." (AR 344.) She further found that Plaintiff had a "moderate" impairment – which the report defined as a "marked impairment" – in his ability to perform simple and repetitive tasks, maintain a work pace appropriate to a given workload, and perform complex or varied tasks. (AR 345.) Dr. Amick also found a "slight" impairment – which the report defined as a "noticeable impairment" – in Plaintiff's ability to comprehend and follow

instructions, relate to others beyond giving and receiving instructions, influence people, make generalizations, evaluations or decisions without immediate supervisors, and accept and carry out responsibility for directions, control and planning.  (AR 345-46.)

In her decision, the ALJ noted that Dr. Amick's opinion was based on an in-person exam and a complete assessment and that it cited the specific facts "upon which the conclusion is based" and was "substantially consistent with the record as a whole," which showed that Plaintiff was taking medication for a diagnosis of depression.  But the ALJ found that the opinion was vague because it did not set forth in vocational terms what Plaintiff is able to do in a work setting.  Thus, the ALJ gave only "some weight" to the opinion.  (AR 1754.)  Ultimately, the ALJ assessed Plaintiff with the mental RFC to perform simple, routine tasks.  (AR 1750.)

Because Plaintiff filed his claim before March 27, 2017, the prior regulations governing evaluation of medical opinion evidence apply.  *See Woods v. Kijakazi*, 32 F.4th 785, 789-92 (9th Cir. 2022).  Under those regulations, an ALJ must provide clear and convincing reasons supported by substantial evidence to reject an uncontradicted examining physician's opinion, and specific and legitimate reasons to reject a contradicted one.  *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  Here, Dr. Amick's opinion was contradicted by other evidence in the record – including the State Agency medical consultants' findings that the record did not support a severe mental impairment (AR 108, 122) – and the ALJ therefore was required to provide specific and legitimate reasons for rejecting it.

The ALJ did not provide specific and legitimate reasons for discounting Dr. Amick's opinion.  The ALJ's sole rationale was that the opinion was "vague" because it did not express Plaintiff's limitations in vocational terms.  (AR 1754.)  But terms such as "mild," "moderate," and "marked" are commonly used in

5

clinical evaluations and disability assessments and do not "render [an] opinion unusable or unreliable." *Vincent L.P. v. Saul*, 2021 WL 2209674, at *4 (C.D. Cal. May 31, 2021); *see also King v. Comm'r of Soc. Sec. Admin.*, 475 F. App'x 209, 210 (9th Cir. 2012) (Reinhardt, J., dissenting) (noting that courts and medical practitioners routinely use terms such as "mild to moderate" to described and assess functional limitations "without any difficulty"). Courts have repeatedly rejected discounting an examining physician's opinion on that basis alone. *See, e.g., Lisardo S. v. Berryhill*, 2019 WL 773686, at *6 (C.D. Cal. Feb. 20, 2019) (holding that an ALJ erred in finding an opinion "vague and unclear" based on the use of the term "moderate"); *Vasquez v. Berryhill*, 2017 WL 2633413, at *6-7 (E.D. Cal. June 19, 2017) (concluding that ALJ could not reject examining physician's opinion on the ground that the term "moderate" was "vague and ambiguous"). Thus, this was not a legally sufficient basis for discounting Dr. Amick's opinion.

Defendant argues that, notwithstanding any deficiency in the ALJ's reasoning, the RFC limitation to simple, routine tasks adequately accounted for Dr. Amick's assessed limitations. (Dkt. No. 21 at 8-9.) The Court disagrees. Dr. Amick did not merely opine that Plaintiff was limited to simple, routine work; rather, she found that Plaintiff had a "moderate" impairment in his ability to perform simple and repetitive tasks and to maintain a work pace appropriate to a given workload. (AR 345.) Notably, although Dr. Amick found Plaintiff's impairment to be "moderate," the report defined that term as a "marked impairment." (AR 345.) The opinion therefore did not clearly translate into the ability to sustain simple, routine work on a regular and continuing basis. Moreover, a limitation to simple, routine tasks does not necessarily account for deficiencies in pace, persistence, or the ability to sustain work activity throughout a workday. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir. 2009) (restriction to "simple, repetitive work" did not adequately

capture moderate limitations in concentration, persistence, or pace); *Lubin v. Comm'r Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) (limitation to one- to three-step tasks did not adequately account for moderate difficulties in maintaining concentration, persistence, or pace).

Finally, the ALJ's error was not harmless. If the ALJ had properly accounted for Dr. Amick's moderate limitations, the RFC and corresponding hypothetical posed to the VE may have included additional restrictions concerning pace, persistence or Plaintiff's ability to sustain work activity on a regular and continuing basis. Because the VE's testimony was based on a hypothetical that did not incorporate those additional limitations, the Court cannot conclude that the ALJ's error was "inconsequential to the ultimate nondisability determination." *See Garcia v. Comm'r of Soc. Sec. Admin.*, 768 F.3d 925, 932 (9th Cir. 2014); *see also Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Thus, remand is warranted.

## V.    REMEDY

The decision whether to remand for further proceedings or for an immediate award of benefits is within the Court's discretion. *See Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). When there are outstanding issues that must be resolved before a disability determination can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if the evidence were properly evaluated, remand for further proceedings is appropriate. *Id.* In contrast, an immediate award of benefits is appropriate only where further proceedings would serve no useful purpose and the record has been fully developed. *Id.*

Here, the Court finds that further administrative proceedings are necessary. Although this case has a lengthy procedural history involving multiple administrative proceedings and prior remands, the record does not clearly establish disability during the period between 2007 and 2013. While the

7

record documents that Plaintiff suffered from degenerative disc disease and other conditions causing ongoing pain and limitations, treatment records also repeatedly documented significant improvement with epidural injections, including reports that Plaintiff's symptoms had "almost completely resolved" or were "very minimal," increased walking tolerance, and an ability to engage in household chores, yard work, prolonged driving, and other daily activities. (*See, e.g.*, AR 387, 397, 449, 458, 501, 688, 865-86, 892, 900, 904, 1039-40.) Providers also noted mixed objective findings during the relevant period, at times noting tenderness, reduced range of motion, and radicular symptoms, but at other times observing minimal spasm, negative straight-leg-raise testing, and intact neurological functioning. (*See, e.g.*, AR 388, 459, 502, 817, 901, 992.) Accordingly, because unresolved issues reman concerning the extent to which Plaintiff's impairments affected his ability to work during the relevant period, further administrative proceedings are warranted.[3] *See Treichler*, 775 F.3d at 1101-05.

## VI.    ORDER

For the foregoing reasons, IT IS ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED:   May 19, 2026

_____
ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

---

[3] Because remand is warranted on the ground discussed above, the Court need not reach Plaintiff's remaining claim of error. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

8